### THE STATE v. JOSEPH GIBERSON.

A debtor is entitled to a general, discharge from all debts under the insolvent laws, although arrested under the act of February 19, 1830 ; *Harrison Com. Pl.* 301. The discharge is the same, whichever mode of applying is legally pursued. Notice of the issuing of the writ of certiorari ought to be given to a debtor.

This was a certiorari directed to the Common Pleas of Monmouth, to remove into this court the application of the defendant for the benefit of the insolvent laws, and the subsequent proceedings and discharge. It appeared from a statement of the facts, agreed upon by the counsel of the parties, that Giberson was arrested by virtue of an execution on a debt, contracted since the fourth of July, 1830 ; that he gave bond and inventory to the constable, and at the next term of the said court he made application for the benefit of the insolvent laws, pursuant to the act of February 19, 1830 ; that after said application, he was taken in execution, at the suit of C. Bruere, on a debt contracted and due before the 4th of July, 1830, and by virtue thereof confined in jail till the time appointed for his hearing, when he was discharged by the court. On the hearing, C. Bruere objected to his being discharged from custody, or his body being released from liability to imprisonment, as regarded his demand, on the ground that it was contracted before the 4th of July, 1830, and that the application was made under the act of February, 19, 1830, and that he had no right to be discharged from custo-

The State v. Giberson.

·dy, or liability on his said debt; but the court deeming the objection not well founded in law, overruled the same, and the defendant was discharged.

*Randolph*, for creditor.

*J. M. Hartshorne*, for debtor.

The opinion of the Court was delivered by Justice Ford.

FORD, J. The discharge of an insolvent debtor, by the Common Pleas of Monmouth, being removed into this court by certiorari, it appeared that Giberson, on being arrested on execution for a debt contracted since the 4th of July, 1830, entered into a bond, with security, to the constable, to appear at the next Court of Common Pleas, and petition for the benefit of the insolvent laws of this state. He appeared accordingly, and on obtaining it, the court gave him a discharge from *all his previous debts*. They had no power to confer the benefit in any other form, under the insolvent laws of this state, by the words of which " the court may direct the sheriff to discharge said debtor from confinement, on account of *any* debts, by him, or her, *previously* contracted ; " *Rev. Laws*, 218, sec. 5. The benefit intended, is not described, or spoken of, in any other act or section ; it must be this or nothing.

The insolvent laws of this state vary the mode of applying for this benefit, making it depend on the time when the debt was contracted for which he is arrested ; if it was contracted prior to the 4th of July, 1830, he must go to gaol, and apply from thence; but if it was contracted *since* that time, he need not go to gaol; he need only deliver an inventory of his property to the arresting officer, together with a bond to appear and apply at the next court; instead of being imprisoned in the mean time, he remains at large; *Har. Comp.* 299. But by the eighth section of this last act, its operation is restrained to such debts as have been contracted since the 4th of July, 1830, and as to such its *operation* is not to *discharge* from them ; that is wholly left to the other statute ; it merely allows the debtor, when arrested for one of these *recent* debts, to give an inventory and bond that he will apply, and so save himself the expense and misery of going to gaol in order to apply from thence. Whichever of these two modes of applying is legally pursued, the discharge is the same ; that is, from all debts previously contracted ; that he is

only to be discharged from debts contracted since the 4th of July, 1830, as the objection supposes, is therefore a mistake; the discharge, as it was granted, is right, and must be affirmed.

HORNBLOWER, C. J. concurred.

RYERSON, J. By the return to this writ, it appears that the defendant, Giberson, was arrested in 1833, just before the October term of the court below, by virtue of a tax warrant. He thereupon entered into bond, gave an inventory, &c. as directed by " an act to abolish imprisonment for debt in certain cases; " *Har. Com.* 299. Pursuant to that act he applied to the court, and was discharged from imprisonment on account of debt, &c. generally. It also appeared to the court that made the discharge, that after the presentation of his petition, the defendant was arrested at the suit of Cyrus Bruere, (who prosecutes this writ) for a debt contracted before the 4th of July, 1830, under which last arrest he was held in close custody, until discharged under the former arrest and petition. This discharge is now objected to, because general, and not restricted, in its operation, to debts contracted since the 4th of July, 1830. I think this objection well taken. The eighth section of the act expressly declares, that it shall operate only on such debts ; that the old acts give a form of discharge from all debts, and the second section of the act, now under consideration, says the prisoner may make " application for his discharge under the insolvent laws, as fully and effectually as if confined in the common gaol," does not make any difference. The question still recurs, discharged fully from what ? The eighth section answers the inquiry ; from debts contracted since the 4th of July, 1830. All the acts, and different parts of the acts, must be construed together; and by necessary implication, the generality of the language of the second section must yield to, or be modified by, the restraining words of the eighth section. In the same way, by implication, only, we limit a general, to a special, judgment and execution, in the justice's court, so as not to affect the body of an insolvent debtor. The court had no jurisdiction to reach old claims, or make any order affecting them. To do that, their gaoler must have the actual custody of the body. This discharge, then, having been made without authority, or jurisdiction, ought to be set aside and quashed.

N. B. This writ is improperly entitled in the name of the state ; it is now noticed to prevent such incongruities hereafter appearing on our records.

It was also intimated from the bench, at the same term when this case was submitted, that notice of the writ ought to be given to the party for whose benefit the discharge was made. This notice will probably be hereafter required.